F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY DAVIS,

      Petitioner - Appellant,

v.

DAVID McKUNE, Warden, Lansing
Correctional Facility; PHILL KLINE,
Attorney General of the State of
Kansas,

      Respondents - Appellees.

No. 07-3005

(D. Kansas)

(D.C. No. 05-CV-3442-JAR)

**ORDER**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Proceeding *pro se*, Ricky Davis seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Davis has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2). Davis' motion to proceed *in forma pauperis* on appeal is **granted**.

Davis was convicted by a Kansas jury of two counts of rape and one count of kidnaping. He was sentenced to 389 months' imprisonment. On appeal, the Kansas Court of Appeals refused to consider Davis' argument that his prosecution violated the speedy trial provisions of the Kansas Agreement on Detainers Act, Kan. Stat. Ann. § 22-4401, because Davis failed to raise the issue before the trial court. The appellate court then rejected Davis' argument the trial court erred by failing to give unanimity instructions on the rape and kidnaping charges, concluding the jury did not have to be unanimous as to the means by which each single offense was committed. The Kansas Supreme Court refused to review the Court of Appeals' decision.

Davis then filed a motion for a Writ of Habeas Corpus pursuant to Kan. Stat. Ann. § 60-1507, alleging ineffective assistance of counsel, violation of his speedy trial rights, and erroneous jury instructions. The state district court denied relief and Davis appealed, abandoning all claims except the ineffective assistance of counsel allegations. *Davis v. Kansas*, 113 P.3d 834, 834 (Kan. App. 2005) (unpublished disposition). The Kansas Court of Appeals considered the ineffective assistance claims but affirmed the denial of the habeas motion. *Id*.

Davis filed the instant federal § 2254 habeas petition on November 22, 2005, raising three general grounds for relief which he characterized as follows: (1) "K.S.A. 22-3402 and K.S.A. 22-4401, Unanimity Instructions on Force, Treat [sic] or Deception or Force or Fear," (2) "Effective Counsel, Chapter 60-1507

K.S.A. 22-3402 and 22-4401, Inspection / Brady Materal [sic] 22-3212 / New Trial," and (3) "Sixth Amendment Rights, Failure to require hearing in open court for good cause shown, Failure to parpare [sic] for trial." Respondents moved to dismiss Davis' § 2254 petition, arguing he procedurally defaulted many of his claims by failing to exhaust his state remedies and, alternatively, that all his claims failed on the merits. Concluding many of Davis' claims were unexhausted, the district court declined to stay the petition and hold it in abeyance, deciding instead to address all the claims on the merits. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). With respect to the claims Davis presented to the state court, the district court applied the standard set forth in the Antiterrorism and Effective Death Penalty Act and concluded the state court's adjudication of the claims was not contrary to, nor an unreasonable application of clearly established federal law or based on an unreasonable factual determination. 28 U.S.C. § 2254(d). The court reviewed the remaining claims de novo and concluded Davis was not entitled to relief.

This court cannot grant Davis a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether Davis has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Davis is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted).

This court has reviewed Davis' application for a COA and appellate brief, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Davis is not entitled to a COA. The district court's resolution of Davis' claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Davis has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Davis' request for a COA and **dismisses** this appeal.

Entered for the Court


Michael R. Murphy
Circuit Judge

-4-